UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) RUSSELL POWELL, an individual, )
                                                                   )
        Plaintiff, )
                                                                   )
v. )   Case No.: 22-cv-135-KEW
                                                                    )
(2) O'REILLY AUTOMOTIVE, INC. d/b/a )
    O'REILLY AUTO PARTS, )
                                                                    )
        Defendant. )

## ANSWER

COMES NOW the Defendant, O'Reilly Automotive, Inc. ("O'Reilly"), by and through its attorneys of record, ROBERSON, KOLKER, COOPER, P.C., who states the following as its Answer to Plaintiff's Complaint filed May 3, 2022 [Dkt. 2]. O'Reilly generally denies all allegations contained within Plaintiff's Complaint and further responds in numerical sequence as follows:

### I. JURISDICTION

1. Paragraph 1 of Plaintiff's Complaint constitutes a statement, rather than an allegation, and therefore no further response is required.

2. O'Reilly admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3. O'Reilly admits the allegations contained within Paragraph 3 of Plaintiff's Complaint.

### II. PARTIES

4. O'Reilly currently lacks sufficient information to admit or deny the allegations contained within Paragraph 4 of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

5. O'Reilly admits the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## III. FACTS

6. O'Reilly admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7. O'Reilly admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8. O'Reilly currently lacks sufficient information to admit or deny the allegations contained within Paragraph 8 of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

9. O'Reilly currently lacks sufficient information to admit or deny the allegations contained within Paragraph 9 of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

## IV. COUNT I – NEGLIGENCE

10. O'Reilly restates its prior responses to the foregoing paragraphs of Plaintiff's Complaint as if fully set forth herein.

11. Paragraph 11 of Plaintiff's Complaint calls for a legal conclusion. Therefore, no further response is required.

12. O'Reilly denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. O'Reilly denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

## COUNT II – PREMISES LIABILITY

14. O'Reilly restates its prior responses to the foregoing paragraphs of Plaintiff's Complaint as if fully set forth herein.

15. O'Reilly admits the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 of Plaintiff's Complaint calls for a legal conclusion. Therefore, no response is required.

17. Paragraph 17 of Plaintiff's Complaint calls for a legal conclusion. Therefore, no response is required.

18. O'Reilly denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19. O'Reilly denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

With regard to the unnumbered "WHEREFORE" paragraphs following Paragraphs 13 and 19 of Plaintiff's Complaint, O'Reilly incorporates its responses to all of the foregoing paragraphs of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested therein.

### DEFENSES

O'Reilly Automotive, Inc., having fully answered Plaintiff's Complaint as set out above, asserts the following defenses, including affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. At all times relevant, O'Reilly met or exceeded acceptable standards of care.

3. Plaintiff's damages, if any, must be apportioned among all potentially responsible parties and non-parties to this action in accordance with Chapter 9 of the Oklahoma Uniform Jury Instructions. The identity of all potential persons or entities can be more appropriately determined at the conclusion of discovery.

4. O'Reilly reserves the right to contest the reasonableness of Plaintiff's alleged damages until such time as sufficient proof has been provided.

5. Plaintiff's alleged injuries and damages are the result of an unavoidable casualty or misfortune over which O'Reilly cannot be held legally responsible.

6. The conditions and/or injuries of which Plaintiff complains constitute pre-existing conditions and/or conditions sustained prior to the alleged incident, which were neither caused nor aggravated by O'Reilly, and for which O'Reilly is not liable.

7. If it is shown that O'Reilly, or any person acting on its behalf, was negligent, which is expressly denied, the negligence of Plaintiff exceeded any negligence on the part of O'Reilly, thereby barring Plaintiff from recovery in this action.

8. Plaintiff's past medical expenses, if any, are subject to the limitations codified in 12 O.S. § 3009.1. Furthermore, to the extent Plaintiff is Medicare and Medicaid eligible, any liens asserted by parties to the Oklahoma Healthcare Authority General Provider Agreement are limited to the amounts allowable for services for which a beneficiary would have been entitled to have payment made, had the provider filed a request for payment.

9. The cardboard product box Plaintiff tripped on next to a floor display at O'Reilly's Okmulgee location was a condition, rather than a cause, to Plaintiff's claimed injuries after the fact (if anything). Furthermore, the cardboard product box was an open and obvious condition.

O'Reilly specifically reserves the right to amend this Answer, including affirmative defenses, as discovery progresses or in accordance with a Scheduling Order established by the Court.

WHEREFORE, having fully answered, O'Reilly Automotive, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and grant its costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

　/s/ Drew A. Lagow
Drew A. Lagow, OBA No. 22618
ROBERSON, KOLKER, COOPER, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:     405-606-3333
Facsimile:      405-606-3334
Email: drew@rkclaw.com
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mark L. Edwards, OBA No. 16570 – medwards@edwardslawok.com

　/s/ Drew A. Lagow
For the Firm
